## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JOAN E. SCHIEFELBEIN, INDIVIDUALLY AND AS TRUSTEE OF THE JOAN E. SCHIEFELBEIN REVOCABLE TRUST<br><br>        **Plaintiff,**<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>        **Defendant.** | No. **1:22-cv-559**<br><br>**PLAINTIFF REQUESTS JURY TRIAL** |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, Joan E. Schiefelbein, individually and as Trustee of the Joan E. Schiefelbein Revocable Trust, through her undersigned counsel, for her Complaint for Breach of Contract against Defendant, State Farm Fire and Casualty Company ("State Farm"), states as follows:

## NATURE OF THE ACTION

1. The Joan E. Schiefelbein Revocable Trust holds title to a home located at 67421 Crooked Creek Road, White Pigeon, Michigan (the "Property"). Joan Schiefelbein, individually and as trustee, brings this action against defendant, State Farm, to enforce the terms of a Homeowners Policy covering the Property. On or around August 11, 2021, a storm caused significant damage to the exterior and interior of the Property. A claim was made to State Farm for the damage. In breach of the terms of its Homeowners Policy, State Farm has failed to honor the claim. Plaintiff seeks damages resulting from State Farm's breach of contract in excess of $90,000.

## THE PARTIES

2.  The Joan E. Schiefelbein Revocable Trust is a traditional trust. Joan Schiefelbein, sole trustee, is domiciled in, and a citizen of, Michigan.

3.  State Farm is an insurance company with its principal place of business in the State of Illinois.  Upon information and belief, State Farm was incorporated in a state other than Michigan.  State Farm is not a citizen of Michigan.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5.  Venue is proper in this district pursuant to 28 U.S.C §1391(b)(2) because this is the district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## BACKGROUND

**The State Farm Policy**

6.  State Farm issued policy No. 22-47-9213-9 with a policy period from September 4, 2020 to September 4, 2021 (the "Policy").  The Policy lists the Plaintiff's home at 67421 Crooked Creek Road, White Pigeon, Michigan as the residence premises.  Plaintiffs paid the applicable premium and performed all other conditions precedent under the Policy.

7. The Policy provides, in part, as follows:

SECTION I-PROPERTY COVERAGES

COVERAGE A-DWELLING

1. **Dwelling**. **We** cover the **dwelling** and materials and supplies located on or adjacent to the **residence premises** for use in the construction, alteration, or repair of the **dwelling** or other structures on the **residence premises**.

SECTION 1-LOSSES INSURED

COVERAGE A-DWELLING

**We** will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I-LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and **we** will not pay for, any **diminution in value**.

SECTION I-LOSS SETTLEMENT

Only the **Loss Settlement Provisions** shown in the **Declarations** apply. We will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and **we** will not pay, any amount for **diminution in value**.

8. The Declarations of the Policy indicate that it provides "Replacement Cost-Similar Construction" coverage, which means that State Farm agreed to "pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I-PROPERTY COVERAGES, COVERAGE A-DWELLING."

**The Storm Damage**

9. On or around August 11, 2021, a storm caused extensive damage to the exterior and interior of Plaintiff's insured dwelling.

10. Plaintiff provided timely notice of the loss to State Farm.

11. The damage to Plaintiff's dwelling included, but was not limited to, damage to the dwelling's cedar shake roof.

12. State Farm inspected the damage to the roof and other parts of the property. Despite its knowledge that replacing portions of the cedar shake roof would result in a mismatched and patchwork roof, State Farm refused to replace the entire roof.

13. State Farm offered Plaintiff only $9,467.83 less the deductible to patch Plaintiff's cedar shake roof.

14. Plaintiff has incurred at least $45,700.72 in repair costs to date. The estimated cost to replace the entire roof is at least $91,838.00. There was additional damage to the roof structure and interior of the home State Farm wrongfully failed to cover.

## COUNT I-BREACH OF CONTRACT

15. Plaintiff repeats and realleges the facts set forth in Paragraphs 1-14 as though fully set forth herein.

16. Because Plaintiff's roof cannot be repaired with matching shakes, State Farm is obligated under the Policy to replace Plaintiff's entire roof.

24. The Policy does not contain any terms, conditions or exclusions which limit or preclude coverage for Plaintiff's claim. To the extent State Farm relies upon certain policy provisions to deny coverage, such policy provisions are ambiguous and should be construed in favor of coverage.

25. Plaintiff performed all conditions precedent under the Policy.

26. State Farm breached the Policy by wrongfully failing to honor Plaintiff's claim.

27.    Plaintiff has suffered damages as a result of State Farm's wrongful failure to honor Plaintiff's claim in that it has been wrongfully deprived of the benefit of its bargain with State Farm in the amount of at least $91,838.00.

WHEREFORE, Plaintiff, Joan E. Schiefelbein, individually and as Trustee of the Joan E. Schiefelbein Revocable Trust, respectfully prays that this Court enter judgment in its favor and against defendant, State Farm Fire & Casualty Company, in the amount of at least $91,838.00, plus other damages to be proven at trial, plus interest and costs.

    Respectfully Submitted,

    Joan E. Schiefelbein, as Trustee of the Joan E. Schiefelbein Revocable Trust

    By:   /s/ Kevin J. Kuhn
        Its Attorney

Kevin J. Kuhn
KUHN FIRM P.C.
155 N. Wacker Dr., Ste 4250
Chicago, IL 60606
847-875-8245
kkuhn@kuhnfirm.com